IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Curtis R. Davis, Jr., | No. CV-13-614-PHX-ROS (LOA) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

This matter is before the Court on Petitioner's "Abandonment of Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody," in which Petitioner moves to withdraw his habeas petition and requests dismissal of this action without prejudice. (Doc. 13) Respondents have filed a Response to Abandonment of Petition in which they "take no position on his motion." (Doc. 14)

Petitioner filed a *pro se* Petition for Writ of Habeas Corpus on March 26, 2013 (Doc. 1) He was convicted in 1994 in Maricopa County Superior Court of multiple counts of Molestation of a Child and received a sentence of more than 100 years in prison. (*Id.*) Petitioner raises only one ground for relief in the Petition. He alleges he received ineffective assistance of counsel when his attorney failed to provide competent advice with respect to plea offers presented by the State. (*Id.* at 10-11) On August 16, 2013, Respondents filed their Limited Answer to Petition for Writ of Habeas Corpus and supporting exhibits. (Doc. 9) Petitioner did not file a reply and filed the instant motion to withdraw his petition on November 14, 2013. (Doc. 13)

Federal Rule of Civil Procedure 41(a)(2) provides that once an answer has been filed, "an action may be dismissed at the [petitioner's] request only by court order, on terms that the court considers proper." Unless otherwise stated in the order, a dismissal under this provision is without prejudice. Fed.R.Civ.P. 41(a)(2).

Here, Petitioner seeks dismissal of this action without prejudice. As noted above, Respondents state in their response that they "take no position" on Petitioner's motion to withdraw the petition.[1] In light of Respondents' position, the undersigned Magistrate Judge will not, *sua sponte*, undertake an analysis of the habeas petition's timeliness. Rather, this Magistrate Judge will recommend that Petitioner's motion to withdraw his habeas petition be granted and that this action be dismissed without prejudice, as requested.

Petitioner is warned, however, that if, in fact, his habeas petition was untimely when it was filed on March 26, 2013, dismissing this action without prejudice will not cure the untimeliness of a subsequent petition. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that under AEDPA[2]'s statutory tolling provision, a new state post-conviction petition filed after the habeas limitations period expired does not reinitiate the limitations period).

Based on the foregoing,

**IT IS RECOMMENDED** that Petitioner's "Abandonment of Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody," doc. 13, be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, doc. 1, and this action, be **DISMISSED without prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth

---

[1] Respondents could have opposed Petitioner's request for a dismissal without prejudice and argued for a dismissal with prejudice, but did not. Instead, after taking no position, they contend a dismissal without prejudice would be futile because Petitioner's claim is time-barred.

[2] Antiterrorism and Effective Death Penalty Act

- 2 -

1 Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
2 Appellate Procedure, must not be filed until entry of the District Court's judgment. The
3 parties have 14 days from the date of service of a copy of this recommendation within which
4 to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P.
5 6(a), (b), and 72. Thereafter, the parties have 14 days within which to file a response to the
6 objections. Failure to timely file objections to the Magistrate Judge's Report and
7 Recommendation may result in the acceptance of the Report and Recommendation by the
8 district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121
9 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the
10 undersigned Magistrate Judge will be considered a waiver of a party's right to appellate
11 review of the findings of fact in an order of judgement entered pursuant to the Magistrate
12 Judge's recommendation. *See* Fed.R.Civ.P. 72.

DATED this 18th day of December, 2013.

_____
Lawrence O. Anderson
United States Magistrate Judge